UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRADLEY ANSTEAD<br>1439 Lincoln Way East<br>Massillon, Ohio 44646<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CVS HEALTH SOLUTIONS<br>c/o Statutory Agent CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>　　　　Defendant. | CASE NO.<br><br>JUDGE<br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Bradley Anstead, by and through undersigned counsel, and for his Complaint against CVS Health Solutions ("CVS"), states and alleges the following:

### INTRODUCTION

1. Plaintiff brings this lawsuit as a result of Defendant's failure to pay Plaintiff for work performed off-the-clock in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

1. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Stark County, Ohio.

2. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

3. At all times relevant herein, Defendant was a corporation organized and existing under the laws of the State of Delaware, with a headquarters located at 1 CVS Drive, Woonsocket, RI 02895.

4. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

5. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

7. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

8. Defendant is a national retailer that operates stores and pharmacies throughout the United States.

9. Defendant employed Plaintiff between March 2019 and April 2020 as a "manager in training" employee at its Copley, Ohio store.

10. Defendant classified Plaintiff as a non-exempt employee.

11. Defendant paid Plaintiff on an hourly basis.

12. Plaintiff frequently worked over 40 hours per week.

13. Plaintiff worked on average over 40 hours each week.

**(Failure to Pay for All Hours Worked)**

14. Plaintiff was only paid for work performed between the times after he clocked-in on store registers and after he clocked out on store registers, and was not paid for the following work performed before and after he clocked in and out: a) answering phone calls from employees and managers regarding scheduling; b) conference calls with management; delivering items to other stores on my way to and from my home; performing regular work during my unpaid lunch break; preparing the store before opening by doing such things as checking the building, turning off the alarm, checking the store, checking work email, setting work lists; closing the store down by checking the building, setting the alarm, waiting for other employees to clock out, and locking up on days when a delivery was expected, preparing for the delivery, making calls regarding delivery schedule, and performing tasks that were normally done after clocking in so that items could be checked in and shelved when the truck arrived; reviewing training materials that could not be completed during the work day; and responding to calls from the security company.

15. The time Plaintiff spent a) answering phone calls from employees and managers regarding scheduling; b) conference calls with management; delivering items to other stores on

my way to and from my home; performing regular work during my unpaid lunch break; preparing the store before opening by doing such things as checking the building, turning off the alarm, checking the store, checking work email, setting work lists; closing the store down by checking the building, setting the alarm, waiting for other employees to clock out, and locking up on days when a delivery was expected, preparing for the delivery, making calls regarding delivery schedule, and performing tasks that were normally done after clocking in so that items could be checked in and shelved when the truck arrived; reviewing training materials that could not be completed during the work day; and responding to calls from the security company. was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

16. Plaintiff was not paid for time spent answering phone calls from employees and managers regarding scheduling; conference calls with management; delivering items to other stores on my way to and from my home; performing regular work during my unpaid lunch break; preparing the store before opening by doing such things as checking the building, turning off the alarm, checking the store, checking work email, setting work lists; closing the store down by checking the building, setting the alarm, waiting for other employees to clock out, and locking up on days when a delivery was expected, preparing for the delivery, making calls regarding delivery schedule, and performing tasks that were normally done after clocking in so that items could be checked in and shelved when the truck arrived; reviewing training materials that could not be completed during the work day; and responding to calls from the security company..

17. The amount of time Plaintiff spent on this required and unpaid work amounted to approximately 15 to 30 minutes per day.

4

18. As a result of Defendant's practices and policies, Plaintiff was not compensated for all of the time he worked, including all of the overtime hours he worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA)**

19. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
### (Fair Labor Standards Act Violations)

20. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

21. Defendant's practice and policy of not paying Plaintiff for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

22. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

23. As a result of Defendant's practices and policies, Plaintiff has been damaged in that they have not received wages due to him pursuant to the FLSA.

## COUNT TWO
### (R.C. §§ 4111.03 and 4111.10 Violations)

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Defendant's practice and policy of not paying Plaintiff for work performed off-the-clock violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

26. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

27. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff pre- and post-judgment interest at the statutory rate;

D. Award Plaintiff attorneys' fees, costs, and disbursements; and

E. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Lori M. Griffin (0085241)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Robert B. Kapitan
One of the Attorneys for Plaintiff
